IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES R. ODLE,<br><br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF JUSTICE;<br>DEPARTMENT OF JUSTICE OFFICE OF<br>PROFESSIONAL RESPONSIBILITY,<br><br>    Defendants.<br>_____/ | No. C 05-2711 MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; VACATING HEARING; GRANTING DEFENDANT'S MOTION TO SET BRIEFING SCHEDULE** |

    Before the Court is plaintiff James R. Odle's motion for summary judgment, filed August 26, 2005. Defendants United States Department of Justice ("DOJ"), and DOJ Office of Professional Responsibility ("OPR") have filed opposition to the motion, to which plaintiff has filed a reply. Also before the Court is defendants' motion to set a briefing schedule on a summary judgment motion defendants anticipate filing in the near future; plaintiff has opposed the setting of such schedule. Having considered the papers filed in support of and in opposition to the motions, the Court finds the matters appropriate for resolution without oral argument, (see Civil L.R. 7-1(b)), hereby VACATES the September 30, 2005 hearing, and rules as follows.

## BACKGROUND

    Plaintiff brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §

522, et seq., to obtain certain documents from defendants. Plaintiff alleges he is currently a death row inmate awaiting execution. (See Compl. ¶ 11.) In 2001, the Ninth Circuit held the state court denied plaintiff due process by failing to conduct a competency hearing at plaintiff's trial in 1983. See Odle v. Woodford, 238 F.3d 1084, 1090 (9th Cir. 2001). Although plaintiff alleges in his complaint that a retroactive competency hearing was initially scheduled for September 16, 2005, (see Compl. ¶ 2), plaintiff states in his reply to defendants' motion to set a briefing schedule that the hearing has been stayed pending resolution of plaintiff's appeal of the Superior Court's order finding a retroactive competency hearing to be feasible. (See Pl.'s Opp. to Defs.' Mot. to Set Briefing Schedule for Summ. J. Mot. at 1 n. 1.) Dr. Daniel A. Martell ("Dr. Martell"), a forensic psychologist, will be the State's chief witness at the hearing. (See Grele Decl. ¶ 6.)

On September 4, 2004 and March 7, 2005, plaintiff made a request under FOIA for documents in defendants' possession concerning any investigation of Dr. Martell's allegedly wrongful conduct in another capital case, U.S. v. Everett Edward Spivey, Crim. No. 95-491 (D.N.M.).[1] (See Grele Decl. ¶¶ 12, 14 and Exs. F and H.) Defendants initially asserted a "Glomar response,"[2] refusing to confirm or deny the existence of responsive records, to protect the privacy of Dr. Martell. (See Grele Decl. Ex. G.) On July 1, 2005, plaintiff filed a complaint against defendants seeking "injunctive relief requiring Defendants to disclose the requested records." (See Compl. at 7.)

On July 20, 2005, prior to filing an answer to plaintiff's complaint, defendants provided a redacted report of the OPR's investigation of Dr. Martell to prosecutors in Commonwealth of Virginia v. Atkins, No. CR-03-R2-8229-01 (Va. Cir. Ct.), pursuant to 5

//

---

[1] Dr. Martell allegedly revealed information that he learned from a mental examination of the defendant to members of the prosecution at a dinner party, in violation of a court order. (See Grele Decl. Ex. C.)

[2] The term "Glomar response" refers to Phillippi v. Central Intelligence Agency, 546 F.2d 1009 (D.C.Cir. 1976), in which the Central Intelligence Agency's refusal, in response to a FOIA request, to confirm or deny the existence of documents relating to a ship, the Hughes Glomar Explorer, was at issue.

1 U.S.C. § 552a(b)(7).[3]  (See Hall Decl. ¶ 7.)  As a result of such disclosure, "OPR determined that it was no longer appropriate to assert a Glomar response" to plaintiff's FOIA request for documents pertaining to Dr. Martell and began a review to determine which documents are responsive to plaintiff's request.  (See id. ¶ 9.)  Defendants telephoned plaintiff's counsel on August 5, 2005 to inform them of the withdrawal of the Glomar response.  (See Orleans Decl. ¶ 3.)  Defendants' answer, filed August 8, 2005, specifically admits that OPR's files "contain certain information regarding Dr. Daniel A. Martell."  (See Answer at ¶ 2.)  Defendants assert they have identified 839 documents that are responsive to plaintiff's request and that they are presently determining which documents they believe are exempt from disclosure under FOIA.  (See Hall Decl. ¶¶ 11-17.)

On August 26, 2005, plaintiff filed a motion for summary judgment on the ground defendants improperly asserted a Glomar response and that the documents are not exempt from disclosure.  Defendants oppose plaintiff's motion on the ground they have withdrawn their Glomar response, and, as noted, have filed a motion to set a briefing schedule on their potential motion for summary judgment.

**LEGAL STANDARD**

A "case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  See Murphy v. Hunt, 455 U.S. 478, 481 (1982).

A "case is not ripe where the existence of the dispute itself hangs on future contingencies that may or may not occur."  See Clinton v. Acequia, Inc., 94 F.3d 568, 572 (9th Cir. 1996).

**DISCUSSION**

Plaintiff's summary judgment motion is based almost entirely on the propriety of defendants' assertion of a Glomar response.  As noted above, however, defendants no longer assert a Glomar response and have agreed to disclose any responsive documents

---

[3]Section 552a(b)(7) allows the government to disclose FOIA exempt information to a law enforcement agency based on the written request of the head of the agency.

1  defendants believe are not exempt under FOIA.  Moreover, defendants notified plaintiff's
2  counsel of their withdrawal of the Glomar response before plaintiff filed his motion for
3  summary judgment.  Consequently, plaintiff's motion is moot to the extent plaintiff contends
4  defendants improperly asserted a Glomar response to plaintiff's FOIA request.

5  Additionally, to the extent plaintiff contends defendants are unlawfully withholding
6  responsive documents, the issue is not ripe for adjudication.  Defendants are in the process of
7  reviewing the relevant documents.  (See Hall Decl. ¶¶ 11-17.)  If defendants turn over all
8  responsive documents, there will be nothing for the Court to review.  At present, the Court
9  does not know what specific documents, if any, defendants might withhold, or what exemption
10 they might rely upon for doing so, nor will the Court engage in speculation in that regard.  See
11 5 U.S.C. § 552(a)(4)(B) (stating district court has "jurisdiction to enjoin the agency from
12 withholding agency records and to order the production of any agency records improperly
13 withheld") (emphases added).  Until defendants identify any documents they are withholding,
14 the Court finds plaintiff's motion is premature, as there is no issue ripe for adjudication.  See,
15 e.g., Clinton, 94 F.3d at 572 ("[A] federal court normally ought not resolve issues involving
16 contingent future events that may not occur as anticipated, or indeed may not occur at all.")
17 (internal quotations and citations omitted).

18 As noted, defendants attest they are currently reviewing the documents, (see Hall Decl.
19 ¶¶ 11-17), and state they will be prepared to produce documents, provide a "Vaughn index,"[4]
20 and file a summary judgment motion with respect to any withheld documents, all by October
21 21, 2005.  (See Opp. at 9.)  Defendants' proposed schedule is reasonable
22
23 under the circumstances.
24

25
26  [4] A Vaughn index, derived from Vaughn v. Rosen, 484 F.2d 820 (D.C.Cir. 1973), is a list "identifying each document withheld, the statutory exemption claimed, and a particularized explanation of how disclosure of the particular document would damage the interest protected
27  by the claim exemption."  See Weiner v. Federal Bureau of Investigation, 943 F.2d 972, 977 (9th Cir. 1991).
28

4

**CONCLUSION**

For the reasons stated above, plaintiff's motion for summary judgment is hereby DENIED and the hearing set for September 30, 2005 is hereby VACATED. By October 21, 2005, defendants shall produce all responsive documents, serve a <u>Vaughn</u> index with respect to any withheld documents, and file a motion for summary judgment as to any withheld documents. The motion will be heard on a 35-day briefing schedule. <u>See</u> Civil L.R. 7-2. After defendants produce to plaintiff any documents and a <u>Vaughn</u> index, plaintiff may again move for summary judgment, or file a cross-motion in response to defendants' anticipated motion.

**IT IS SO ORDERED.**

Dated: September 22, 2005

MAXINE M. CHESNEY
United States District Judge